IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD KAKALIA, | ) CIVIL NO.  11-00412 JMS/BMK |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) FOR LACK OF SUBJECT MATTER |
| vs. | ) JURISDICTION |
| | ) |
| PIONEER MILL COMPANY, | ) |
| LIMITED, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER DISMISSING COMPLAINT FOR LACK OF
SUBJECT MATTER JURISDICTION**

On June 24, 2011, Plaintiff Edward Kakalia ("Plaintiff"), proceeding *pro se*, filed a Complaint entitled "Plaintiff's Complaint and Opposition of Defendant's Adverse Possession Claim in Support of Plaintiff Edward P. Kakalia's Declaration Under the Penalty of Perjury in Accordance and Pursuant to Title 28 U.S.C. § 1746 to be the Lawful Descendent and Heir of Kilinahe in Accordance and Pursuant to 43 C.F.R. 17.399 'Exhaustion of Administrative Remedies' Subtitle 'A.'"

Although Plaintiff has paid the requisite filing fee, the court has an independent duty to determine whether it has subject matter jurisdiction.  Upon review of the Complaint, the court DISMISSES the Complaint without prejudice

on its own motion for lack of subject-matter jurisdiction.[1]

## DISCUSSION

**1.     Standards of Review**

Plaintiff is appearing *pro se*; consequently, the court liberally construes his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

Nevertheless, the court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").  Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte*.  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

obligation of both district court and counsel to be alert to jurisdictional requirements.").

Federal Rule of Civil Procedure 8 ("Rule 8") mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

2.   **Application to the Complaint's Allegations**

Applying the preceding principles, the court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Although not clear, the Complaint appears to be challenging Defendants' right to title to property based upon an action pending in the Land Court of the State of Hawaii, where Plaintiff is a claimant. *See In re Pioneer Mill Company, Ltd.*, 1LD09-1-000300 (*available at*

http://hoohiki2.courts.state.hi.us/jud/Hoohiki/main.htm).  Much of Plaintiff's Complaint appears to be a legal memorandum regarding the substance of the action pending in state court.

Regarding jurisdiction, as best the court can glean from the Complaint, Plaintiff appears to be claiming that this action belongs in federal court because it was originally filed before Hawaii became a State.  The Complaint states:

> the Land Court of the State of Hawaii is the improper venue to hear this matter in that this matter involves an application that was filed in 1919 by Pioneer Mill Company, Limited, the predecessor of Kahoma Land, LLC[,] approximately 42 years before Hawaii became a State of the United States of America thereby making this Court the proper venue and jurisdiction to hear this matter.

Compl. at 1.

A brief review of the pending state action appears to indicate it was indeed originally filed in 1919, as the voluminous docket indicates an "initiation date" of "06-28-1919."  The nature of the state court action is not apparent from the docket sheet.  Nevertheless, the Complaint fails to state a basis for federal jurisdiction.

Initially, the premise stated in the Complaint is false.  *See, e.g.*, 81A C.J.S. *States* § 6 ("Upon the admission of a territory into the Union as a state, the

state government succeeds to all the powers of sovereignty previously enjoyed by Congress and which belong to the original states, and only such powers with respect to the people of the new state remain in the federal government as, under the Constitution, it may exercise over the original states."). Under the Hawaii Admissions Act, "[n]o writ, action, indictment, cause, or proceeding pending in any court of the Territory of Hawaii . . . shall abate by reason of the admission of said State into the Union, but the same shall be transferred to and proceeded with in such appropriate State courts as shall be established under the constitution of said State[.]" Admissions Act, Act of Mar. 18, 1959, Pub. L. 83–3, 73 Stat. 4, § 12.

Moreover, to the extent Plaintiff is seeking to remove an ongoing state court action, Plaintiff has failed to fulfill the requirements of 28 U.S.C. § 1441(a), which indicates that an action may only be removed "by the defendant or the defendants." The Complaint also fails to allege "a claim or right arising under the Constitution, treaties or laws of the United States," *id.*, or a basis for diversity jurisdiction under 28 U.S.C. § 1332. *See, e.g.*, *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (indicating that "[a] plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction" and therefore "the

existence of diversity jurisdiction must be sufficient on the face of the complaint") (citation omitted); Fed. R. Civ. P. 8(a)(1) (providing that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction"); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof, [Defendant's] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction [in a notice of removal].") (citation omitted).

In short, the court lacks federal subject-matter jurisdiction. The court must therefore dismiss the Complaint. *See, e.g.*, Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The court nevertheless concludes that Plaintiff should be allowed an opportunity to file an Amended Complaint. The court cannot say at this point that further amendment would be futile. The court will therefore grant Plaintiff leave to file an Amended Complaint that demonstrates a basis for federal subject matter jurisdiction.

The court therefore DISMISSES the Complaint WITHOUT PREJUDICE. If Plaintiff chooses to file an Amended Complaint, it must (1) comply with the requirement under Federal Rule of Civil Procedure 8(a) of

"simple, concise, and direct" factual allegations, and (2) contain a basis for federal subject matter jurisdiction.  An Amended Complaint:

> (a) must clearly set forth this court's subject matter jurisdiction; and
>
> (b) must clearly state how each Defendant has injured Plaintiff, or how the court can provide relief against each Defendant.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action.

Plaintiff is also notified that any amended complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings.  *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).  That is, the Amended Complaint, if any, must stand alone, without reference to prior pleadings or documents in the record.

///

///

///

## **CONCLUSION**

For the reasons stated above, the court DISMISSES the Complaint with leave to amend.  Plaintiff is given until **July 18, 2011** to file an Amended Complaint.  Failure to file an Amended Complaint by **July 18, 2011** will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 28, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kakalia v. Pioneer Mill Co.*, Civ. No. 11-00412 JMS/BMK, Order Dismissing Complaint for Lack of Subject Matter Jurisdiction