IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD P. KAKALIA, | ) CIVIL NO. 11-00412 JMS/BMK |
| | ) |
| Plaintiff, | ) ORDER DISMISSING AMENDED |
| | ) COMPLAINT WITH PREJUDICE |
| vs. | ) |
| | ) |
| PIONEER MILL COMPANY, | ) |
| LIMITED, ET AL., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**<u>ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE</u>**

**I. <u>INTRODUCTION</u>**

On July 18, 2011, Plaintiff Edward Kakalia ("Plaintiff"), proceeding *pro se*, filed an Amended Complaint entitled "Plaintiff's Second Amended Complaint and Opposition of Defendant's Adverse Possession Claim in Support of Plaintiff Edward P. Kakalia's Declaration Under the Penalty of Perjury in Accordance and Pursuant to Title 28 U.S.C. § 1746 to be the Lawful Descendent and Heir of Kilinahe" ("Amended Complaint").  Doc. No. 6.[1]

This is Plaintiff's second attempt at stating a federal claim.  The court dismissed the original Complaint on June 28, 2011, for lack of subject matter

---

[1] The title "Second Amended Complaint" is confusing in that the pleading is actually the first amended complaint, although it is the second complaint.

jurisdiction. Doc. No. 5. The court, however, allowed Plaintiff another opportunity to state a claim and demonstrate a basis for federal subject matter jurisdiction, and Plaintiff filed the Amended Complaint. Upon review, the court DISMISSES the Amended Complaint for lack of subject matter jurisdiction.[2] Because further amendment would be futile, the dismissal is without leave to amend.

## II. DISCUSSION

**A.    Standards of Review**

Plaintiff is appearing *pro se*; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

Nevertheless, the court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal

---

[2] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

may be made without notice where the claimant cannot possibly win relief."). Additionally, a complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte*.  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

Federal Rule of Civil Procedure 8 ("Rule 8")  mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

### B.   Application to the Amended Complaint's Allegations

Applying the preceding principles, the Amended Complaint lacks a basis for federal subject matter jurisdiction.  Like the original Complaint, the Amended Complaint, as best the court can glean, is challenging Defendants' right to title to property.  It seeks to have this court address issues pending in an action in the Land Court of the State of Hawaii, where Plaintiff is a claimant (the "State action").  *See In re Pioneer Mill Co., Ltd.*, 1LD09-1-000300 (*available at* http://hoohiki2.courts.state.hi.us/jud/Hoohiki/main.htm).  Much of Plaintiff's Amended Complaint is a legal memorandum regarding the substance of the State action, arguing matters of adverse possession.

Regarding jurisdiction, Plaintiff contends that this action "involves several Constitutional Issues," Doc. No. 6, Am. Compl. at 2, but he cites only to the Declaration of Independence.  He claims this court has jurisdiction "based on the fact that this case started 92 years ago in 1919 before Hawaii was a State" and that "the current Defendant in this matter in fact [has] violated Plaintiff's right to the pursuit of happiness by denying Plaintiff and Plaintiff's ancestors and future heirs the right to enjoy the property in question."  *Id.*  He claims that "the Circuit Court of Hawaii and the Land Court of Hawaii are incompetent jurisdictions to hear this matter" because "both the Hawaiian Circuit Court and the Hawaiian Land

Court have not been able to make a timely decision in this matter to the detriment of the Plaintiff[.]" *Id.*  He claims that the "failure of the Hawaiian Circuit Court and the Hawaiian Land Court to '[t]imely' make a decision about the Adverse Possession claims of the Defendant is in fact more than adequate grounds for this matter to be heard by the United States District Court[.]" *Id.* at 3.  He cites no federal statutory causes of action, and the title matters he raises involve Hawaii common law.

         Plaintiff is still contending, as he did with the original Complaint, that this court has federal subject matter jurisdiction because the State action began before statehood.  As noted in the June 28, 2011 Order dismissing the original Complaint, the State action's docket indeed indicates it was first opened in 1919.  The docket, however, also indicates the present proceedings began in 2009, with Plaintiff having filed an appearance and claim in mid-to-late 2010.[3]  Nevertheless, as explained in the June 28, 2011 Order, it is a false premise that this federal court automatically has jurisdiction over cases opened before statehood.  *See, e.g.*, 81A C.J.S. *States* § 6 ("Upon the admission of a territory into the Union as a state, the

---

[3] The state court docket indicates Defendant Kahoma Land LLC entered the State action on July 14, 2009, after the case had been dormant for sixteen years, and that Plaintiff made an appearance and claim in July and October of 2010.  *See* Doc. Nos. 0000193, 0000206, and 000269, *In re Pioneer Mill Co.*, 1LD09-1-000300 (Haw. Cir. Ct.) (*available at* http://hoohiki2.courts.state.hi.us/jud/Hoohiki).

state government succeeds to all the powers of sovereignty previously enjoyed by Congress and which belong to the original states, and only such powers with respect to the people of the new state remain in the federal government as, under the Constitution, it may exercise over the original states."). Under the Hawaii Admissions Act, "[n]o writ, action, indictment, cause, or proceeding pending in any court of the Territory of Hawaii . . . shall abate by reason of the admission of said State into the Union, but the same shall be transferred to and proceeded with in such appropriate State courts as shall be established under the constitution of said State[.]" Admissions Act, Act of Mar. 18, 1959, Pub. L. 83–3, 73 Stat. 4, § 12.

   Moreover, that a state court has not made a timely decision -- a situation not likely true here, given the reopening of matters in July 2009 and claims having been made as recently as October 2010 -- is not a basis for federal jurisdiction. And even if Plaintiff could craft an argument that state court delay violates due process, the court would not act here to interfere with ongoing state court proceedings. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."); *M&A Gabaee v. Cmty. Redevelopment Agency*, 419 F.3d

1036, 1039 (9th Cir. 2005) (applying *Younger* in a civil context, and explaining when a federal court must abstain to avoid interference with a state court civil action).

Plaintiff's Amended Complaint thus violates Rule 8(a)(1), which requires a complaint to "contain . . . a short and plain statement of the grounds for the court's jurisdiction." Construed broadly, the court cannot glean any possible basis for federal subject matter jurisdiction. *Cf. Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("Since the party asserting [federal] jurisdiction bears the burden of proof, [Defendant's] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction [in a notice of removal].") (citation omitted). In short, because the court lacks jurisdiction, it must dismiss the Amended Complaint. *See, e.g.*, Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Plaintiff has had two opportunities to state a federal claim, and it is now clear that his essential complaint is dissatisfaction with decisions or ongoing proceedings in state court. Further amendment of the Amended Complaint would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (stating that "futility alone can justify" a refusal to allow amendment of a complaint). The

court therefore DISMISSES the Amended Complaint with prejudice.

## III. CONCLUSION

For the reasons stated above, the court DISMISSES this action. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 29, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Kakalia v. Pioneer Mill Co.*, Civ. No. 11-00412 JMS/BMK, Order Dismissing Amended Complaint with Prejudice